# Exhibit A

AUG 1 3 2015

OTHER: DECLARATORY JUDGMENT

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

File No.

ONE RING NETWORKS, INC., a Delaware
Corporation; JOHN JENKINS, an individual,

    Plaintiffs,

vs.                                                                              **SUMMONS**

FARNAM STREET FINANCIAL, INC., a
Minnesota corporation,

    Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANTS:

1. **YOU ARE BEING SUED.** The Plaintiffs have stated a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to his lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must sent a copy of tour Answer to the person who signed this Summons located at: Fluegel Law Office, 150 South 5th Street, Suite 2525, Minneapolis, MN 55402.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: August /2, 2015

*Wilbur W. Fluegel*

Wilbur W. Fluegel, #30429
**FLUEGEL LAW OFFICE**
150 South 5th Street, Suite 225
Minneapolis, MN 55402
(612) 238-3540
wilfluegel@aol.com
*Local counsel for Plaintiffs One Ring Networks, Inc. and John Jenkins*

Dated: August __, 2015

                                                     _____
Robert L. Esensten, *pro hac vice pending*
**ESENSTEN LAW**
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
(310) 273-3090
resensten@esenstenlaw.com
*Attorneys for Plaintiffs One Ring Networks, Inc. and John Jenkins*

OTHER: DECLARATORY JUDGMENT

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

File No.

ONE RING NETWORKS, INC., a Delaware
Corporation; JOHN JENKINS, an individual,

        Plaintiffs,

vs.

FARNAM STREET FINANCIAL, INC., a
Minnesota corporation,

        Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs as and for cause of action state and allege as follows:

1. Plaintiff ONE RING NETWORKS, INC. ("One Ring") is, and at all times herein relevant was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

2. Plaintiff JOHN JENKINS ("Jenkins") is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, State of California, and at all times herein relevant was the President of One Ring.

3. Defendant FARNAM STREET FINANCAIL, INC., a Minnesota corporation ("Farnam"), is, and at all times herein relevant was, a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota.

4. Jurisdiction and venue are proper in the above-captioned Court as Defendant is a resident of the State of Minnesota, and the settlement agreement which is the subject of the within action was entered into in Minneapolis, Minnesota.

5. On or about October 26, 2012, Farnam commenced an action against One Ring in the United States District Court for the District of Minnesota, Civil Action No. 12-2727-DWF (SER) ("the District Court action"), seeking recovery related to equipment leases based on alleged claims for breach of contract, conversion and replevin.

6. On August 28, 2013, the District Court action was fully resolved between the parties. Based upon the terms of the settlement, the case was dismissed.

7. In summary, the oral settlement agreement provided in pertinent part as follows:

   a. One Ring to pay a total of $400,000 to Farnam in twenty monthly payments of $20,000 each, commencing on November 1, 2013, until the total amount was fully paid.

   b. One Ring to return equipment to Farnam on or before December 31, 2013; Farnam to audit the equipment and determine the percentage returned. If

       One Ring failed to return 75% of the equipment or more, an additional obligation for $80,000 of One Ring is satisfied.

    c. District Court action was dismissed with prejudice by stipulation of counsel.

8. A written settlement agreement has not been executed by the Parties.

9. One Ring and Jenkins have complied with all obligations on their part. Specifically, One Ring and Jenkins have paid to Farnam the total sum of $400,000. In addition, in November 2013 One Ring returned to Farnam all of the equipment required to be returned, far in excess of 75%. The equipment returned filled up two full freight containers.

10. Farnam did not notify One Ring or Jenkins of any claim that One Ring failed to return 75% of the equipment until in or about June 2014, seven months after One Ring returned the equipment to Farnam. For reasons unknown, Farnam failed to inform One Ring that they disagreed with One Ring that all of the equipment was returned until June, 2014. In June 2014, Farnam advised One Ring that it intended to liquidate the equipment. On information and belief, Farnam liquidated the equipment in July, 2014.

11. A full year thereafter, on July 29, 2015, Farnam sent a written Notice of Default to counsel to One Ring, in which Farnam contended that One Ring and Jenkins were in breach of the settlement agreement by failing to pay the additional sum of $80,000. Farnam waited until One Ring complied with the settlement agreement

by paying the $400,000 and had fully complied with its obligations under the settlement agreement.

12. Farnam has failed to explain how they stored the equipment, what equipment they used or re-sold and how much Farnam received from selling the equipment.

13. One Ring and Jenkins contend that they are not obligated under the settlement agreement to Farnam for the sum of $80,000, or any amount, in that One Ring timely returned 75% or more of the subject equipment to Farnam and has fully paid the $400,000.

14. Farnam contends that One Ring and Jenkins are in default under the settlement agreement based on the alleged failure to return at least 75% of the subject equipment, and therefore obligated to Farnam for the sum of $80,000.

15. One Ring and Jenkins will suffer immediate hardship in the absence of a judicial declaration as to the rights and obligations of the parties in that Farnam has threatened to and will commence costly and time-consuming breach of contract ligation in the absence of such judicial declaration.

16. A justiciable controversy exists within the meaning of Minnesota Statutes, Chapter 555, such that a declaration of the rights and responsibilities of the parties to the settlement agreement is appropriate and judicially possible.

WHEREFORE, Plaintiffs One Ring and Jenkins demand judgment against Defendant Farnam as follows:

1. A declaration that One Ring and Jenkins, and each of them, are not in default under the terms of the settlement agreement;
2. Plaintiffs' costs and disbursements; and
3. Such other and further relief as the Court deems just and proper.

Dated: August 12, 2015

*Wilbur W. Fluegel*
Wilbur W. Fluegel, #30429
**FLUEGEL LAW OFFICE**
150 South 5th Street, Suite 225
Minneapolis, MN 55402
(612) 238-3540
wilfluegel@aol.com
*Local counsel for Plaintiffs One Ring Networks, Inc. and John Jenkins*

Dated: August 12, 2015

Robert L. Esensten, *pro hac vice pending*
**ESENSTEN LAW**
12100 Wilshire Blvd., Suite 1660
Los Angeles, CA 90025
(310) 273-3090
resensten@esenstenlaw.com
*Attorneys for Plaintiffs One Ring Networks, Inc. and John Jenkins*

## ACKNOWLEDGEMENT

The undersigned hereby acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Miss. Stat. Section 549.211, to the party against whom the allegations in this pleading are asserted.

_____
ROBERT L. ESENSTEN, *pro hac vice pending*

_____
WILBUR W. FLUEGEL, #30429

## NATIONAL REGISTERED AGENTS, INC.
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: LEIF STOA
Farnam Street Financial
240 Pondview Plaza
5850 Opus Parkway
Minnetonka, MN 55343-

SOP Transmittal # 527640825

213-337-4615 - Telephone

Entity Served: FARNAM STREET FINANCIAL, INC. (Domestic State: MINNESOTA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 13 day of August, 2015. The following is a summary of the document(s) received:

1. **Title of Action:** One Ring Networks, Inc., etc., and John Jenkins, etc., Pltfs. vs. Farnam Street Financial, Inc., etc., Dft.

2. **Document(s) Served:** SUMMONS & COMPLAINT
   Other: Acknowledgment

3. **Court of Jurisdiction/Case Number:** Fourth Judicial District Court, MN
   Case # NONE

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:     _X_ Process Server     ___ Deputy Sheriff     ___ U. S Marshall

   ___ Delivered Via:     ___ Certified Mail     ___ Regular Mail     ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 08/13/2015 02:50:00 PM CST

7. **Appearance/Answer Date:** Within 20 days

8. **Received From:** Wilbur W. Fluegel
   Fluegel Law Office
   150 South 5 1h Street, Suite 225
   Minneapolis, MN 55402
   612-238-3540

9. **Federal Express Airbill #** 781152722599

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day

Email Notification, LEIF STOA LSTOA@FARNAMSTREET.NET

**NATIONAL REGISTERED AGENTS, INC.**             **CopiesTo:**

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# NRAI Packing Slip



**NATIONAL REGISTERED AGENTS, INC.**
An NRAI Solutions Company

**FedEx Tracking # :** 781152722599
**Created By :** Pratap Kumar Bhuyan
**Created On :** 08/14/2015 06:11 AM
**Recipient :**

### LEIF STOA

Title :  --
Customer : Farnam Street Financial
Address : 240 Pondview Plaza
Email : LSTOA@FARNAMSTREET.NET
Phone : 952-351-4373         Fax : -

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 527640825 | NONE | FARNAM STREET FINANCIAL, INC. |